AUGUST TERM 1839.

DYER & MASON v, SUBLETTE & CAMPBELL

Same Pltffs. vs, Field & Marks.

In petitition in debt, brought by a Mercantile firm, consisting of several partners, on a note executed to them in the name of the firm, it must be averred in the petition that the note set out was executed to plaintiffs by that name. Napton Judge, thought the petition good under the statute, but as a majority of the Court were in favor of re-affirming the decision in the case of Tabor, Shaw and Tatum v Jameson (5th vol. Mo. R. p. 495,) and the question being one of form only, he concurred in reversing the judgment.

Opinion of the court delivered by Tompkins Judge, wit:

Sublette and Campbell sued Dyer and Mason, in the circuit court, and judgment was there in their favor: to reverse this judgment a writ of error was sued out and the cause brought here.

The action was petition in Debt founded on a statute.

The Petition reads thus:

William Sublette and Robert Campbell merchants and traders doing business &c. in the name and style of Sublette and Campbell Plaintiffs, state that they are the legal owners of a note against the defendants William H. Dyer, and Samuel Mason, who carry on the business of merchandise in the name and style of Dyer and Mason, to the following effect: $183 18 cts., St. Loius March 30th 1839. Six months after date we promise to pay to the order of Sublette and Campbell one hundred and eighty three dollars 18 cts., without defalcation for value received &c., To this petition there was a demurrer, and the Circuit Court overruled it.

This is assigned for error. It should have been stated in the petition that this note was made to William Sublette & Robert Campbell by the name and description of Sublette & Campbell, by William H. Dyer and Samuel G. Mason by the name and description of Dyer & Mason, see the case of Tabor, Shaw and Tatum vs Jamison, decided last year at Palmyra, where it is said the words trading under the firm of Tabor, Shaw and Tatum, are merely descriptive of the persons suing, and do not amount to an averment

that the note set out was executed to the plaintiffs by that name. The judgment of the circuit court is reversed, and the cause will be remanded to be proceeded in conformably to this opinion. The cause of·Field and Marks vs the same will follow the course of this cause."

Opinion of Napton Judge.

"I think the petition is good under the statute, but a majority of the court being in favor of re-affirming the decision in Tabor, Shaw & Tatum vs Jamison, and the question being one of form; I concur in reversing the judgment."

S. M. Bay for plaintiffs in error.

1. There was no service of process against Mason, and the Circuit Court erred in rendering final judgment against him on the demurrer.

Sec. 13th sect, of 1st art of R. C. of 1835 title practice at law and 2d, sect. of 3d art, same title, Hempstead vs Darby 2 Mo. R. p. 25, Bonny .v. Baldwin and Spencer 3d, Mo. R. p. 49.

2. There is no averment in the petition·that the note set out was executed to the defendants in error by the name of the firm. Tabor, Shaw & Tatum vs Jameson 3d semi an-nual decision of S. C. of 5 vol."·

Miller for deffendants in error.

"The counsel for defendants in error will insist that the court very properly overruled defts. demurrer, and that it did not err in giving judgment against defts."

AUGUST TERM 1839.

Dyer and Mason vs, Sublette and Campbell,

executed to plaintiffs by that name. Napton Judge. thought the petition good under the statute, but as a majority of the Court were in favor of re-affirming the decision in the case of Tabor, Shaw and Tatum v James-son (5th vol. Mo. R. p. 4 94,) and the question being one of form only, concurred in reversing the judgment